# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| ZITO, LLC | |
| 7137 MAPLE  AVENUE | |
| TAKOMA PARK MARYLAND 20912 | Civil Action No.: |
| Plaintiff | |
| v. | 4:24-cv-752 |
| | |
| W.W. GRAINGER, INC. | |
| 100 GRAINGER PARKWAY | |
|  LAKE FOREST, ILLINOIS 60045 | |
| | |
| Defendant | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff ZITO LLC, by its undersigned counsel, alleges as follows for its Complaint against Defendant W.W.Grainger, Inc., as follows.

### THE NATURE OF THIS ACTION

1.      Zito brings this action against Grainger pursuant to 35 U.S.C. §101 et. seq. and §§271, 281, 283, 284, & 285 inclusive, for infringement of one or more claims of U.S. Patents No. 10,867,461 (the '461 Patent); 11,127,239 (the '239 Patent) and 11,710,364 (the '364 Patent) each entitled "User-Specific Dispensing System."

### THE PARTIES

2.      Plaintiff is a Maryland corporation having an address located at 7137 Maple Avenue, Takoma Park, Maryland 20912.  Plaintiff is the owner of the '461, the '239 and the '364 patents-in-suit by assignment.

3.      Defendant Grainger is a Illinois Corporation with more regular and established places of business in Texas than any other state, including Illinois, and has several locations in

the Eastern District of Texas, including at: 2601 E Plano Parkway, Plano Texas; 1507 West Cotton Street, Longview, Texas.   Grainger makes, uses, offers to sell, and sells the accused products throughout the United States.  The accused products infringe the system claims of the Patents-in-Suit and when used, practice the method claims of  the Patents-in-Suit.

## JURISDICTION AND VENUE

4.      This is an action for patent infringement arising under the laws of the United States, 35 U.S.C. §271 et seq.

5.      This Court has subject matter jurisdiction over this action pursuant to 35 U.S.C. §§271, 281 and 28 U.S.C. §§1331 and 1338(a), federal question.

6.      This Court has personal jurisdiction over Defendant because Defendant is located in this district and maintains a regular and established place of business in this District.

7.      Venue is proper in this District pursuant to 28 U.S.C. § 1400(a), 1400(b) and based on information set forth herein. Defendant maintains several places of business in this District which sell and service accused products and has committed acts of infringement, including making, using, selling, and offers to sell infringing products.

## BACKGROUND AND GENERAL ALLEGATIONS

8.      ZITO LLC is the current owner and assignee of the patents-in-suit.

9.      Defendant Grainger provides, distributes, licenses and sells the Grainger "KeepStock", "KeepStock Managed Inventory Solution", "KeepStock Secure" and "KeepStock CMI" vending systems referred to as "KeepStock CMI" which infringe the claims of the Patents-in-Suit.

10.     Grainger infriges at least:

claims 1-55 of the '461 Patent;

claims 1-17 of the '239 Patent; and

claims 1-16 of the '364 Patent.

11.     On December 15, 2020, United States Patent No. 10,867,461, entitled "User-Specific Dispensing System " was duly and legally issued by the United States Patent and Trademark Office ("USPTO"). The '461 Patent claims patent-eligible subject matter and is valid and enforceable. ZITO LLC is the exclusive owner by assignment of all rights, title, and interest in the '461 Patent, including the right to bring this suit for injunction and damages, and including the right to sue and recover all past, present, and future damages for infringement of the '461 Patent. Defendant is not licensed to the '461 Patent, either expressly or implicitly, nor do they enjoy or benefit from any rights in or to the '461 patent whatsoever. A true and correct copy of the '461 Patent is attached hereto as **Exhibit A**.

12.     The '461 Patent is presumed valid under 35 U.S.C. § 282.

13.     On September 21, 2021, United States Patent No. 11,127,239, entitled "User-Specific Dispensing System " was duly and legally issued by the United States Patent and Trademark Office ("USPTO"). The '239 Patent claims patent-eligible subject matter and is valid and enforceable. ZITO LLC is the exclusive owner by assignment of all rights, title, and interest in the '239 Patent, including the right to bring this suit for injunction and damages, and including the right to sue and recover all past, present, and future damages for infringement of the '239 Patent. Defendant is not licensed to the '239 Patent, either expressly or implicitly, nor do they enjoy or benefit from any rights in or to the '239 patent whatsoever. A true and correct copy of the '461 Patent is attached hereto as **Exhibit B**.

-3-

14.     The '239 Patent is presumed valid under 35 U.S.C. § 282.

15.     On July 25, 2023, United States Patent No. 11,710,364, entitled "User-Specific Dispensing System " was duly and legally issued by the United States Patent and Trademark Office ("USPTO"). The '364 Patent claims patent-eligible subject matter and is valid and enforceable. ZITO LLC is the exclusive owner by assignment of all rights, title, and interest in the '364 Patent, including the right to bring this suit for injunction and damages, and including the right to sue and recover all past, present, and future damages for infringement of the '364 Patent. Defendant is not licensed to the '364 Patent, either expressly or implicitly, nor do they enjoy or benefit from any rights in or to the '461 patent whatsoever. A true and correct copy of the '461 Patent is attached hereto as **Exhibit C**.

16.     The '364 Patent is presumed valid under 35 U.S.C. § 282.


**THE '461 PATENT**

17.     The claims of the '461 patent are directed to "A system to dispense at least one user-appropriate item."  Claim 1 of the '461 patent recites:

> 1.      A system to dispense at least one user-appropriate item, said system comprising:
>
> an input device capable of accepting user-specific information of a user;
>
> at least one storage device;
>
> at least one dispensing device;
>
> a processor to interpret the user-specific information and select a type of item for dispensing, and to further select a specific item from the type of item, based on at least one characteristic known about the user, wherein the characteristic comprises at least one of a user location, a biological profile of the user, or a user role within a group; and to send a signal based on the selected specific item to the dispensing device to automatically dispense the selected item; and

-4-

wherein the automatic dispensation consists of the selected item, and wherein the user cannot select a different type of item for that dispensation subsequent to the processor selecting the type of item.

**THE '239 PATENT**

18.     The claims of the '239 patent are directed to "A method of dispensing at least one user-appropriate item."  Claim 1 of the '239 patent recites:

> 1.      A method of dispensing at least one user-appropriate item, the method comprising:
>
> identifying a user based on a user identification;
>
> associating user-specific information with the user identification, wherein the user-specific information comprises a user characteristic known about the user, wherein the user characteristic comprises at least one of a user location, a biological profile of the user, or a user role within a group;
>
> selecting at least one type of item appropriate to the user based on the user-specific information;
>
> presenting the user with at least one choice of the at least one type of item appropriate to the user based on the user-specific information;
>
> selecting at least one specific item based on the user's response to the presenting of at least one type of item;
>
> automatically dispensing the specific item selected; and
>
> wherein the dispensation consists of the selected specific item, and wherein the user cannot select a different type of item for that dispensation after the presenting the user with the at least one choice of the at least one type of item.

**THE '364 PATENT**

19.     The claims of the '364 patent are directed to "A system to dispense at least one user-appropriate item."  Claim 1 of the '364 patent recites:

1.      A system to activate at least one user-appropriate type of tool or type of machine, the system comprising:

a first input device operable to identify a user;

at least one type of a tool or a machine, the at least one type of a tool or a machine comprising an item;

a release mechanism to activate the item;

coded instructions configured to associate user-specific information with the user identification and select the at least one item on the basis of the associated user-specific information, and to activate the release mechanism to activate the at least one item;

a processor coupled to the first input device and the release mechanism, the processor operable to execute the coded instructions to associate the user-specific information based on the user identification, to select the at least one item based on the user-specific information, and to activate the release mechanism to activate the at least one item;

wherein the user-specific information comprises at least one of a user location, a biological profile of the user, or a user role within a group; and

wherein the user cannot select a different item for release subsequent to the processor selecting the item

**INFRINGEMENT**

20.     Defendant manufactures, sells, leases, services, supplies and offers to sell Grainger "KeepStock CMI " and "KeepStock Managed Inventory Solution" which includes various systems for dispensing user-appropriate items.  The accused Grainger products infringe claims of the three Patents-in-Suit.

21.     Defendant has, under 35 U.S.C. §271(a), directly infringed, and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '461 patent, by making, using, testing, selling, offering for sale and/or importing into the United States Defendant's Accused Products.

22.     Defendant also indirectly infringes the '461 Patent by actively inducing the direct infringement by third parties under 35 U.S.C. §271(b).  Defendant has knowingly and intentionally actively induced others to directly infringe at least one claim of the '461 patent by providing accused devices and instruction for customers to use the devices in an infringing manner throughout the United States.  Defendant continues to induce infringement of the '461 patent.  Defendant has contributorily infringed and continues to contributorily infringe under 35 U.S.C. §271(c) because, with knowledge of the '461 patent, Defendant supplies material parts of infringing systems, where the material part is not a staple article of commerce, and is incapable of substantial noninfringing use. Defendant contributes to its customers' infringement because, with knowledge of the '461 patent, Defendant supplies the technology that allows its customers to infringe the patent.

23.     Defendant has, under 35 U.S.C. §271(a), directly infringed, and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '239 patent, by practicing the claimed method of dispensing user-appropriate items.

24.     Defendant also indirectly infringes the '239 Patent by actively inducing the direct infringement by third parties under 35 U.S.C. §271(b).  Defendant has knowingly and intentionally actively induced others to directly infringe at least one claim of the '239 patent by providing accused devices and instruction for customers to use the devices in an infringing manner to practice the patented method of the '239 patent, throughout the United States. Defendant continues to induce infringement of the '239 patent. Defendant has contributorily infringed and continues to contributorily infringe under 35 U.S.C. §271(c) because, with knowledge of the '239 patent, Defendant supplies material parts of  infringing systems, where the material part is not a staple article of commerce, and is incapable of substantial noninfringing

use. Defendant contributes to its customers' infringement because, with knowledge of the '239 patent, Defendant supplies the technology that allows its customers to infringe the patent by practicing the claimed method.

25.     Defendant has, under 35 U.S.C. §271(a), directly infringed, and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '364 patent, by making, using, testing, selling, offering for sale and/or importing into the United States Defendant's Accused Products.

26.     Defendant also indirectly infringes the '364 Patent by actively inducing the direct infringement by third parties under 35 U.S.C. §271(b).  Defendant has knowingly and intentionally actively induced others to directly infringe at least one claim of the '364 patent by providing accused devices and instruction for customers to use the devices in an infringing manner throughout the United States. Defendant continues to induce infringement of the '364 patent. Defendant has contributorily infringed and continues to contributorily infringe under 35 U.S.C. §271(c) because, with knowledge of the '461 patent, Defendant supplies material parts of infringing systems, where the material part is not a staple article of commerce, and is incapable of substantial noninfringing use. Defendant contributes to its customers' infringement because, with knowledge of the '364 patent, Defendant supplies the technology that allows its customers to infringe the patent.

27.     Plaintiff has conducted a detailed analysis, establishing and confirming that Defendant's Accused Products directly infringe, and that Defendant contributes to and induces infringement when used Defendant supplies parts and when, according to Defendant's instructions for operation, the accused products are use to directly infringe claims of the Patents-in-Suit.

28.     Recited below is a claim chart demonstrating the correspondence of the operation of the accused products with elements of an exemplary claim of the '461 patent.

29.     The accused products satisfy the elements of the asserted claims, shown below is an example of the Grainger KeepStock CMI compared to exemplary claim 1 of the '461 patent:

1. A system to dispense at least one user-appropriate item, said system comprising:




an input device capable of accepting user-specific information of a user;



at least one storage device;                                    at least one dispensing device;



-10-

a processor to interpret the user-specific information and select a type of item for dispensing,
and to further select a specific item from the type of item, based on at least one characteristic
known about the user, wherein the characteristic comprises at least one of a user location, a
biological profile of the user, or a user role within a group; and

Here's an ideal option when you need to control access to your
consumable inventory or durable items that are used and returned.
KeepStock Vending offers secure 24/7 access to key items at their
point of use. You'll spend less time searching for products and
more time getting work done.

We'll help you select the right machine and products to manage.
You can set limits by quantity, job, shift and total dollars. Employees
simply scan their ID badge or enter their employee code to access
authorized items. Plus, you get detailed, real-time reporting to help
you better manage your budget.

- **Point-of-use dispensing** reduces time spent
  going to and from storerooms
- **Increased controls** drive cost savings and
  product compliance
- **Controlled consumption** reduces unauthorized
  spend and shrinkage
- **Optimized inventory** helps reduce total inventory
  and minimize stockouts
- **Improved visibility** to user and spend trends
  with detailed, real-time reporting

to send a signal based on the selected specific item to the dispensing device to automatically

dispense the selected item; and wherein the automatic dispensation consists of the selected item,

and wherein the user cannot select a different type of item for that dispensation subsequent to the

processor selecting the type of item.



• **Controlled consumption** reduces unauthorized
  spend and shrinkage

22.     Defendant has infringed, and continues to infringe, at least claims 1-55 of the

'461 Patent, including method claim 37; claims 1-17 of the '239 Patent ; and claims 1-16 of the

'364 Patent (the asserted claims) under 35 U.S.C. § 271(a)(b) and/or (c), by (a) making, using,

distributing offering to sell, selling and/or importing into the United States, systems, and

methods that infringe the asserted claims and by performing the claimed methods in the United

States, (b) by inducing others to use the accused products and/or sell the accused products and to

perform the claimed methods in the United States, (c) by contributing to the infringement of others and by selling components of the patented systems and (b & c) by selling a product for performing the patented process. Defendant continues to manufacture, use, offer to sell, sell and import accused products. The accused products are also being used to infringe. Defendant continues to sell accused products inducing and contributing to infringement by others and also continues to perform infringing activity by performing the claimed method in the United States.

23.     By engaging in accused activity including making, using, distributing, offering to sell, selling and importing accused products in the United States, defendant continues to infringe the asserted claims.

24.     Upon information and belief, Defendant has directly infringed one or more of the asserted claims under 35 USC §271(a):

> "(a) Except as otherwise provided in this title, whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent.

by engaging in accused activity including making, using, distributing, offering to sell, selling and importing accused products in the United States. Defendant continues to infringe the asserted claims.

25.     Upon information and belief, Defendant has indirectly infringed one or more of the asserted claims under 35 USC §271(b):

> (b) Whoever actively induces infringement of a patent shall be liable as an infringer.

by providing accused products, with instructions, which are used to create a patented system and/or used to practice the patented methods according to the instructions and thereby inducing others to use the products in an infringing manner.

-13-

26.     Upon information and belief, Defendant has indirectly infringed one or more of

the asserted claims under 35 USC §271(c):

> (c) Whoever offers to sell or sells within the United States or imports into the
> United States . . . or apparatus for use in practicing a patented process,
> constituting a material part of the invention, knowing the same to be especially
> made or especially adapted for use in an infringement of such patent, and not a
> staple article or commodity of commerce suitable for substantial noninfringing
> use, shall be liable as a contributory infringer.

by providing accused products, and other components and supplies, which are combined to form

an infringing system and/or used in practicing methods which infringe the asserted claims , thus

contributing to the infringement of the asserted claims .

27.     Defendant does not have a license or authority to use the asserted claims .

28.     Defendant has been willfully infringing the asserted claims since at least as early

as they became aware of the Patents-in-Suit.  Upon information and belief, Defendant has no

good faith defense to Plaintiff's infringement allegations and have refused to cease selling

products or to engage in further attempts to reach a business resolution. Instead, Defendant has

intentionally continued their knowing infringement.

29.     As a result of Defendant's infringement of the asserted claims, Plaintiff has

suffered and will continue to suffer damages in an amount not yet determined, of at least a

reasonable royalty.

## COUNT I
## DIRECT INFRINGEMENT OF U.S. PATENT NO. 10,867,461

30.     The allegations of each of the paragraphs above are hereby re-alleged and

incorporated herein by reference.

31.     Defendant Grainger has directly infringed, and continues to directly infringe, at least claims 1-55 of the '461 Patent, under 35 U.S.C. § 271(a), by making, using, offering to sell, selling and importing the Accused Products - Grainger KeepStock CMI in the United States.

32.     Defendant does not have a license or authority to use the '461 Patent.

33.     As a result of Grainger's infringement of the '461 Patent, Plaintiff has suffered and will continue to suffer damages in an amount not yet determined, of at least a reasonable royalty.

34.     Grainger's infringement of the '461 patent has been willful under 35 U.S.C. § 284.

**COUNT II**
**INDIRECT INDUCED INFRINGEMENT OF U.S. PATENT NO. 10,867,461**

35.     The allegations of each of the paragraphs above are hereby re-alleged and incorporated herein by reference.

36.     Upon information and belief, Defendant Grainger has indirectly infringed one or more of the claims of the '461 patent under 35 USC §271(b) by providing accused products with instructions, to practice the patented methods of claim 17 according to the instructions and in addition to use the patented systems of the other claims thereby inducing others to use the products in an infringing manner.

37.     Defendant does not have a license or authority to use the '461 Patent.

38.     As a result of Grainger's infringement of the '461 Patent, Plaintiff has suffered and will continue to suffer damages in an amount not yet determined, of at least a reasonable royalty.

39.     Grainger's infringement of the '461 patent has been willful under 35 U.S.C. § 284.

## COUNT III
## INDIRECT CONTRIBUTORY INFRINGEMENT OF U.S. PATENT NO. 10,867,461

40.     The allegations of each of the paragraphs above are hereby re-alleged and incorporated herein by reference.

41.     Upon information and belief, Defendant Grainger has indirectly infringed one or more of the claims of the '461 patent under 35 USC §271(c) by providing accused products, and components and supplies, which are used as components of infringing systems which infringe the claims of the '461 patent, thus contributing to the infringement of the '461 patent.

42.     Upon information and belief, Defendant Grainger has indirectly infringed one or more of the claims of the '461 patent under 35 USC §271(c) by providing accused products, and components and supplies, which are used as components of infringing systems which are used to practice methods which infringe claim 37 of the '461 patent, thus contributing to the infringement of the '461 patent.

43.     Defendant does not have a license or authority to use the '461 Patent.

44.     As a result of Grainger's infringement of the '461 Patent, Plaintiff has suffered and will continue to suffer damages in an amount not yet determined, of at least a reasonable royalty.

45.     Grainger's infringement of the '461 patent has been willful under 35 U.S.C. § 284.

## COUNT IV
## DIRECT INFRINGEMENT OF U.S. PATENT NO. 11,127,239

30.     The allegations of each of the paragraphs above are hereby re-alleged and incorporated herein by reference.

31.     Defendant Grainger has directly infringed, and continues to directly infringe, at least claims 1-17 of the '239 Patent, under 35 U.S.C. § 271(a), by making, using, offering to sell, selling and importing the Accused Products - Grainger KeepStock CMI which are used to practice the claimed method of the '239 Patent in the United States.

32.     Defendant does not have a license or authority to use the '239 Patent.

33.     As a result of Grainger's infringement of the '239 Patent, Plaintiff has suffered and will continue to suffer damages in an amount not yet determined, of at least a reasonable royalty.

34.     Grainger's infringement of the '239 patent has been willful under 35 U.S.C. § 284.

## COUNT V
## INDIRECT INDUCED INFRINGEMENT OF U.S. PATENT NO. 11,127,239

35.     The allegations of each of the paragraphs above are hereby re-alleged and incorporated herein by reference.

36.     Upon information and belief, Defendant Grainger has indirectly infringed one or more of the claims of the '239 patent under 35 USC §271(b) by providing accused products with instructions, to practice the patented methods of claims 1-17 according to the instructions thereby inducing others to use the products in an infringing manner.

37.     Defendant does not have a license or authority to use the '239 Patent.

38.     As a result of Grainger's infringement of the '239 Patent, Plaintiff has suffered and will continue to suffer damages in an amount not yet determined, of at least a reasonable royalty.

39.     Grainger's infringement of the '239 patent has been willful under 35 U.S.C. § 284.

## COUNT VI
## INDIRECT CONTRIBUTORY INFRINGEMENT OF U.S. PATENT NO. 11,127,239

40.     The allegations of each of the paragraphs above are hereby re-alleged and incorporated herein by reference.

41.     Upon information and belief, Defendant Grainger has indirectly infringed one or more of the claims of the '239 patent under 35 USC §271(c) by providing accused products, and components and supplies, which are used as components of infringing systems which infringe the claims of the '239 patent when in use, thus contributing to the infringement of the '239 patent.

42.     Upon information and belief, Defendant Grainger has indirectly infringed one or more of the claims of the '239 patent under 35 USC §271(c) by providing accused products, and components and supplies, which are used as components of infringing systems which are used to practice methods which infringe the claims of the '239 patent, thus contributing to the infringement of the '239 patent.

43.     Defendant does not have a license or authority to use the '461 Patent.

44.     As a result of Grainger's infringement of the '461 Patent, Plaintiff has suffered and will continue to suffer damages in an amount not yet determined, of at least a reasonable royalty.

45.     Grainger's infringement of the '461 patent has been willful under 35 U.S.C. § 284.

## COUNT VII
## DIRECT INFRINGEMENT OF U.S. PATENT NO. 11,710,364

30.     The allegations of each of the paragraphs above are hereby re-alleged and incorporated herein by reference.

31.     Defendant Grainger has directly infringed, and continues to directly infringe, at least claims 1-16 of the '364 Patent, under 35 U.S.C. § 271(a), by making, using, offering to sell, selling and importing the Accused Products - Grainger KeepStock CMI in the United States.

32.     Defendant does not have a license or authority to use the '461 Patent.

33.     As a result of Grainger's infringement of the '364 Patent, Plaintiff has suffered and will continue to suffer damages in an amount not yet determined, of at least a reasonable royalty.

34.     Grainger's infringement of the '364 patent has been willful under 35 U.S.C. § 284.

## COUNT VIII
## INDIRECT INDUCED INFRINGEMENT OF U.S. PATENT NO.  11,170,364

35.     The allegations of each of the paragraphs above are hereby re-alleged and incorporated herein by reference.

36.     Upon information and belief, Defendant Grainger has indirectly infringed one or more of the claims of the '364 patent under 35 USC §271(b) by providing accused products with instructions to use the patented systems in an infringing manner, thereby inducing others to use the products in an infringing manner.

37.     Defendant does not have a license or authority to use the '364 Patent.

38.     As a result of Grainger's infringement of the '364 Patent, Plaintiff has suffered and will continue to suffer damages in an amount not yet determined, of at least a reasonable royalty.

39.     Grainger's infringement of the '364 patent has been willful under 35 U.S.C. § 284.


### COUNT IX
### INDIRECT CONTRIBUTORY INFRINGEMENT OF U.S. PATENT NO. 11,170,364

The allegations of each of the paragraphs above are hereby re-alleged and incorporated herein by reference.

41.     Upon information and belief, Defendant Grainger has indirectly infringed one or more of the claims of the '364 patent under 35 USC §271(c) by providing accused products, and components and supplies, which are used as components of infringing systems which infringe the claims of the '364 patent, thus contributing to the infringement of the '364 patent.

42.     Upon information and belief, Defendant Grainger has indirectly infringed one or more of the claims of the '364 patent under 35 USC §271(c) by providing accused products, and components and supplies, which are used as components of infringing systems which are used to infringe claims of the '364 patent, thus contributing to the infringement of the '364 patent.

43.     Defendant does not have a license or authority to use the '364 Patent.

44.     As a result of Grainger's infringement of the '364 Patent, Plaintiff has suffered and will continue to suffer damages in an amount not yet determined, of at least a reasonable royalty.

45.     Grainger's infringement of the '364 patent has been willful under 35 U.S.C. § 284.

**PRAYER FOR RELIEF**

A.      For a Judgment declaring that Defendant has infringed one or more of the Patents-in-Suit.

B.      For a judgment declaring that Defendant's infringement of the Patents-in-Suit has been willful and for enhancement of damages in accordance with 35 U.S.C. 284;

C.      For a grant of a permanent injunction pursuant to 35 U.S.C. §283, enjoining the Defendant from further acts of infringement;

D.      For a judgment awarding Plaintiff compensatory damages as a result of Defendant's infringement sufficient to reasonably and entirely compensate Plaintiff for infringement of the '461 Patent in an amount to be determined;

E.      For a judgement and order awarding a compulsory ongoing royalty;

F.      For a judgment declaring that this case is exceptional and awarding Plaintiff its expenses, costs and attorneys' fees in accordance with 35 U.S.C. §285 and Rule 54(d) of the Federal Rules of Civil Procedure;

G.      For a judgment awarding Plaintiff prejudgment interest pursuant to 35 U.S.C. §284, and a further award of post judgment interest, pursuant to 28 U.S.C. §1961, continuing until such judgment is paid; and.

H.     For a judgment awarding Plaintiff enhanced damages under 35 U.S.C. §284; and

L.     For such other relief to which Plaintiff is entitled under the applicable United

States laws and regulations or as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to the Federal Rules of Civil Procedure Rule 38(b), Plaintiff hereby demands

trial by jury as to all claims in this litigation.


Respectfully Submitted:


 /s/ Joseph J. Zito
Joseph J. Zito
Benjamin C. Deming
DNL ZITO
1250 Connecticut Avenue, NW Suite 700
Washington, DC 20036
jzito@dnlzito.com
202-466-3500

*Counsel for Plaintiff*
*ZITO LLC*